QUIST, Senior District Judge,
concurring:
I agree that Carreon’s petition should be denied for all of the reasons stated in the principal Memorandum. I, respectfully, write separately to explain why I believe that Carreon has not demonstrated prejudice resulting from Osuna’s absence.
As suggested by the dissent, this case boiled down to the issue of consent. The victim claimed that, as a result of heavy drinking, she was in and out of consciousness during the night in question. She remembered that she regained consciousness on someone’s lawn, that Carreon choked hex’, and that she told him she would not tell what happened if he let her live. The nurse who examined the victim testified that
[the victim] not only had lots of scrapes and abrasions on both sides of her neck, on her breasts, her backside, her knees, and legs, she also had red raised bumps on her face that were consistent with her claim that [Carreon] had strangled her. [The victim] also had what appeared to be bite marks on her abdomen and left elbow. In addition, ... [the victim] had multiple lacerations to her genitalia, and a very large red contusion and an avulsion (torn skin that is hanging by a thread) on her anus.
People v. Carreon, No. E052856, 2012 WL 5992736, at *5 (Cal.Ct.App. Nov. 29, 2012).
In contrast, Carreon told police that he and the victim had “a consensual sexual encounter” that began in his car, and that he eventually dragged the victim onto the grass, where she took off her clothes. Id. at *1. He denied that they had intercoui'se. Id. Carreon denied that the victim had resisted or that he had choked her. Id. At trial, Carreon provided testimony from an expei’t witness who testified that the victim’s injuries were consistent with a consensual sexual encounter. Id.
Contrary to the assertion by our dissenting colleague, Osuna’s statement to the police does not indicate that she would have provided “highly exculpatory testimony.” Osuna told the police that, while she was diiving as part of her patrol duties, she saw a clothed male lying on top of an unclothed female in a yard and she assumed they were having sex. Assuming that Osuna would have testified consistently with that statement, the testimony would have demonstrated only that the victim was not visibly struggling against Caireon at the moment that Osuna drove past. That is a far cry from demonstrating consent by an intoxicated woman who, according to Carreon, had to be “dragged” out of a vehicle and showed evidence of severe battery. Moreover, Osuna’s state *881 ment to the police did not contradict anything in the victim’s description of the events. In short, it is difficult to imagine how someone with a brief drive-by view of a portion of the encounter could provide testimony that would give the jury any insight into the issue of consent.
Finally, I offer no opinion regarding a ' claim based on ineffective assistance of counsel, as that issue is not before us.